J. I. CASE CREDIT CORPORATION vs. EAGLE EQUIPMENT COMPANY, INC., H. M. BARNES, JR., BERYL T. BARNES, VERNON H. BARNES, MARIE H. BARNES, LOTIS W. JOYNER AND DOROTHY B. JOYNER

No. 697SC537

(Filed 17 December 1969)

1. Parties § 1— necessary parties

   Necessary parties must be brought into the action.

2. Parties § 4— proper parties

   Proper parties may be brought into the action, but whether they are brought in or not is a matter within the discretion of the court.

3. Parties §§ 1, 8— joinder of parties — rights affected

   The party to be joined must have rights which will be directly affected by the judgment in the case involved.

4. Parties §§ 1, 4— necessary parties — action on farm equipment financing plan — manufacturer — finance company

   In an action by a finance company against a farm equipment sales company and against individual defendants who had guaranteed to the finance company and to a farm equipment manufacturer the unconditional fulfillment of all obligations incurred by the equipment company under a floor plan financing agreement, the manufacturer was not an indispensable party to the suit and thus was not a necessary party, where (1) the manufacturer and the finance company were two separate corporations and each submitted bills for their respective accounts with the equipment company

and (2) all merchandise and material returned by the equipment company to the manufacturer was credited toward the debt of the equipment company with the finance company, and there was no allegation of overpayment to the manufacturer.

APPEAL by individual defendants, H. M. Barnes, Jr., Beryl T. Barnes, Vernon H. Barnes, Marie H. Barnes, and Eagle Equipment Company, Inc., from *Hubbard, J.,* 7 April 1969 Session of the WILSON County Superior Court.

Eagle Equipment Company (Eagle), through its president, H. M. Barnes, Jr., entered into two agreements, an Agricultural Dealer's Sales Contract and Purchase Agreement, and a Utility Dealer's Sales Contract and Purchase Agreement with J. I. Case Company (Case) on 11 November 1963, the contracts taking effect on 30 January 1964. In consideration of the execution of these two agreements and Floor Plan Financing Agreements and a Financing Agreement, entered into on 11 November 1963, two contracts labeled "guarantee" agreements were executed between all the individual parties defendant and both Case and J. I. Case Credit Corporation (Credit). These stated that the individual defendants would "unconditionally guarantee to Case and Credit the complete fulfillment of all obligations and undertakings by Eagle Equipment Company, Inc., of Wilson, North Carolina . . . including, without limitation, the payment of any and all indebtedness, notes or accounts. . . ." Eagle Equipment Company continued to be a dealer for Case merchandise until May, 1966 at which time the relationship was discontinued by mutual consent.

Pursuant to these agreements Case would sell merchandise to Eagle. Case would then in turn assign its interest to Credit for value and Credit would finance the purchase through a floor plan financing agreement. Monies received from the sale of the Case implements were thus to go to Credit and not to Case. Separate statements of Eagle's accounts with Case and Credit were made to Eagle each month.

On 13 May 1966 a tentative accounting was allegedly agreed to between representatives of Case, Credit and Eagle. The inventory of Case machines was given a value for credit upon return to Credit, contingent upon repairs being made on some machines by Eagle. Allegedly, these repairs were not accomplished, and a revised schedule was sent to Eagle on 1 June 1966 by the credit manager of Credit which reflected the reduced valuation of the machines which were to be returned not repaired. In the meantime, some $6,000 worth of spare parts and a Ford truck worth $2,000 were returned to Case.

Some $3,500 in "reserve account" credits would be due Eagle after all notes held by Credit for sales Eagle made were paid in full.

Upon the refusal of Eagle to pay the account of Credit as stated, this action was brought for $19,788.62 plus interest from 1 May 1966. In view of the complex nature of the facts, the trial judge appointed a Referee, to which both parties excepted. The Referee found that the contracts were entered into as stated above, including the floor plan financing agreements and the guarantee agreements. He also found that the representatives of Credit and Eagle established values for equipment to be returned to Credit, which were in some cases subject to the oral condition that the value would only apply if the equipment were repaired to proper working order.

During the hearing before the Referee on 27 and 28 August 1968, the defendants made a motion that Case be made a party defendant and that the hearing be continued. The Referee denied the motion. The defendants took an exception and gave notice of appeal to the Judge of the Superior Court. The taking of evidence before the Referee continued, however, and under date of 6 December 1968, the Referee filed his report with extensive findings of fact and conclusions of law. The Referee found that the corporate defendant and the individual defendants jointly and severally were indebted to the plaintiff in the sum of $19,756.60, together with interest thereon from 1 May 1966.

On 14 February 1969 the defendants filed a motion to strike the Referee's findings of fact and also filed exceptions to the Referee's report and decision. At the same time, the defendants made a motion to make Case a party to the action and that the matter be remanded to the Referee for further hearing.

On 5 June 1969 Hubbard, Judge Presiding, entered an order denying the motion of the defendants to make Case a party defendant.

From this last order the defendants appealed to this court.

*Vernon F. Daughtridge, for defendant appellants.*

*Narron and Holdford by William H. Holdford, for plaintiff appellee.*

CAMPBELL, J.

[1, 2]   The question presented is whether Case is a necessary party defendant. If Case is a proper but not a necessary party, then the only attack which could be mounted on the decision in the trial

court would require a showing of an abuse of discretion. Necessary parties *must* be brought into the action. Proper parties *may* be brought into the action, but whether they are brought in or not is a matter within the discretion of the court.

In 1 McIntosh, N. C. Practice 2d, § 584, p. 292, it is stated:

". . . Necessary or indispensable parties are those whose interests are such that no decree can be rendered which will not affect them, and therefore the court cannot proceed until they are brought in. Proper parties are those whose interests may be affected by a decree, but the court can proceed to adjudicate the rights of others without necessarily affecting them, and whether they shall be brought in or not is within the discretion of the court. . . ."

**[3]** The party to be joined must have rights which will be directly affected by the judgment in the case involved. *Pickelsimer v. Pickelsimer,* 255 N.C. 408, 121 S.E. 2d 586 (1961). See also *Corbett v. Corbett,* 249 N.C. 585, 107 S.E. 2d 165 (1959).

**[4]** In the instant case, Case and Credit were two separate corporations, and each submitted separate bills for their respective accounts with Eagle. Any merchandise and material returned by Eagle to Case was credited toward the debt of Eagle with Case. There has been no allegation of overpayment to Case, and even if there were, it would appear that this would be a matter between Case and Eagle alone. In this action between Credit and the defendants, Case is not involved, and the rights existing between Credit and the defendants can be adjudicated without affecting any rights of Case. Case is not an indispensable party to the instant suit, and thus is not a necessary party. If Case should be a proper party, no abuse of discretion by the trial judge has been shown in refusing to make Case a party to this action.

The order of Judge Hubbard refusing to make Case a party is Affirmed.

PARKER and GRAHAM, JJ., concur.