CROSROL CARDING DEVELOPMENTS, INC. v. GUNTER
& COOKE, INC.

No. 7114SC655

(Filed 20 October 1971)

1. **Rules of Civil Procedure § 19; Parties §§ 1, 4— necessary and proper parties**

Rules of Civil Procedure 19(a) and (b) make no substantive change in the rules relating to joinder of parties as formerly set out in G.S. 1-70 and G.S. 1-73.

2. **Parties §§ 1, 4— necessary and proper parties**

Necessary parties *must* be joined in an action; proper parties *may* be joined.

3. **Parties § 1— necessary party defined**

A necessary party is one who is so vitally interested in the controversy that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence.

4. **Parties § 4— proper party defined**

A proper party is one whose interest may be affected by a decree, but whose presence is not essential in order for the court to adjudicate the rights of others.

5. **Contracts § 24; Parties § 1— necessary parties — third party beneficiary**

A party to a contract was not a necessary party in an action for breach of the contract brought by a third party beneficiary against the other contracting party.

6. **Contracts § 24; Parties § 4— breach of contract — action by third party beneficiary — other contracting party as proper party**

The corporation which had contracted with defendant was a proper party in an action brought by a third party beneficiary against defendant for breach of the contract, where the contract gave the third party the right to purchase certain equipment from defendant at a specified discount price, with the purchase price to be paid to the corporation and set off against an amount owed by defendant to the corporation, and where any amount recovered by the third party in its action against defendant would likewise constitute a set off against the corporation's claim under the contract, and the trial court did not abuse its discretion in ordering the corporation joined as a party.

7. **Rules of Civil Procedure § 12— joinder of party not subject to court's jurisdiction — dismissal of action**

Dismissal of an action is appropriate where a party ordered joined is not subject to the court's jurisdiction. G.S. 1A-1, Rule 12(b)(7).

8. **Rules of Civil Procedure § 41— failure to join necessary or proper party — dismissal of action**

   Dismissal for failure to join a necessary or proper party is not a dismissal on the merits and may not be with prejudice. G.S. 1A-1, Rule 41(b).

9. **Contracts § 14— breach of contract — action by third party beneficiary**

   A third party beneficiary of a contract is entitled to maintain an action for its breach provided the contract was made for his direct benefit and any benefit accruing to him is not merely incidental.

10. **Contracts § 24; Parties § 2— breach of contract — third party beneficiary — real party in interest**

   Where a contract entered between defendant and another gave plaintiff the right to purchase certain equipment from defendant at specified discount prices, with the purchase price to be paid by plaintiff to the other party and to be set off against an amount which defendant owes the other party, plaintiff has standing to maintain an action against defendant for breach of the contract.

APPEAL by plaintiff and defendant from *Hobgood, Judge,* 7 June 1971 Civil Session of Superior Court held in DURHAM County.

On 23 February 1968 these parties and Carding Specialists (Canada) Limited (Carding Canada) executed a memorandum agreement providing in pertinent part the following:

> "1. Gunther & Cooke agrees to pay to Carding Canada as general damages for infringement of U. S. Letters Patent No. 3,003,195 the sum of $110,000, U. S. funds. The said sum shall be payable as provided in paragraph 3 hereof.
>
> 2. Carding Canada, Crosrol and any other company which is controlled by Andre Varga or his son or their personal representatives or any combination thereof (each of which is hereinafter referred to as a 'Carding Company') will be entitled to purchase from Gunther & Cooke and to sell any equipment which Gunther & Cooke manufactures and sells except the GC 600-M system. Any Carding Company will be entitled to purchase such equipment at the lowest mill price that applies to bulk sales in effect from time to time less a 10% O.E.M. discount. Such prices will be not less favourable to the purchaser than the prices of similar products which are available on the U. S. market.

3. Upon each purchase of equipment by a Carding Company from Gunther & Cooke under paragraph 2 hereof while all or any part of the said sum of $110,000 remains unpaid, the purchase price for such equipment shall be set off and applied against the balance of the said sum of $110,000 then owing. If a Carding Company other than Carding Canada is the purchaser, such company shall thereupon pay or credit to Carding Canada an amount equal to such purchase price.

\*          \*          \*

6. The right of purchase provided for in paragraph 2 hereof will continue until the said sum of $110,000 owing to Carding Canada under paragraph 1 hereof and all other amounts owing from time to time by Gunther & Cooke to Carding Canada have been paid and satisfied in full. In the event that the value of the purchases exceed the amount owing by Gunther & Cooke to Carding Canada, normal cash terms shall be in effect unless otherwise agreed.

7. Carding Canada hereby releases Gunther & Cooke from all liability and claims of any kind whatsoever arising from any infringement or alleged infringement by Gunther & Cooke of U. S. Letters Patent No. 3,003,195 and of any other patent or invention."

On 24 November 1970 plaintiff instituted this suit, alleging defendant breached the agreement of 23 February 1968 by failing to comply with a purchase order placed with it by plaintiff for certain equipment manufactured by defendant and aggregating in price not more than $110,000.

Defendant moved to dismiss the complaint, alleging: (1) the complaint fails to state a claim upon which relief can be granted in that plaintiff is not the real party in interest, and (2) Carding Canada is a necessary party and is not joined in this action.

On 21 June 1971, Judge Hodgood denied defendant's motion to dismiss the action for failure to state a claim upon which relief could be granted, but entered an order holding that Carding Canada is a party who must be joined under Rule 19 of the Rules of Civil Procedure and ordering plaintiff's action dismissed with prejudice unless Carding Canada is made a party within forty days from the date of the order.

Each party appeals.

*Smith, Moore, Smith, Schell & Hunter by Beverly C. Moore and Michael R. Abel, and White & Coch for plaintiff appellant-appellee.*

*Nye & Mitchell by John E. Bugg, and Richards & Shefte for defendant appellant-appellee.*

GRAHAM, Judge.

### PLAINTIFF'S APPEAL

Plaintiff contends the court erred in holding that Carding Canada is a party which must be joined under Rule 19 and in ordering plaintiff's action dismissed with prejudice if Carding Canada is not joined within forty days from the date of the order.

Rule 19(a) of the North Carolina Rules of Civil Procedure provides, "[s]ubject to the provisions of Rule 23 [Rule 23 relates to class actions], those who are united in interest must be joined as plaintiffs or defendants. . . ."

Section (b) of Rule 19 provides: "The court may determine any claim before it when it can do so without prejudice to the rights of any party or to the rights of others not before the court; but when a complete determination of such claim cannot be made without the presence of other parties, the court shall order such other parties summoned to appear in the action."

[1] These provisions make no substantive change in the rules relating to joinder of parties as formerly set out in G.S. 1-70 and G.S. 1-73. Both G.S. 1-70 and G.S. 1-73 were repealed by Session Laws 1967, c. 954, s. 4, effective 1 January 1970. "The new rules of civil procedure make no change in either the categorizing of parties as necessary, proper and formal, or in the underlying principles upon which the categories have been based." 1 McIntosh, N. C. Practice and Procedure 2d, § 585 (Supp. 1970).

[2-4] Necessary parties *must* be joined in an action. Proper parties *may* be joined. Whether proper parties will be ordered joined rests within the sound discretion of the trial court. *Strickland v. Hughes,* 273 N.C. 481, 160 S.E. 2d 313. A necessary party is one who is so vitally interested in the controversy that a valid judgment cannot be rendered in the action com-

pletely and finally determining the controversy without his presence. *Strickland v. Hughes, supra.* A proper party is one whose interest may be affected by a decree, but whose presence is not essential in order for the court to adjudicate the rights of others. *Simon v. Board of Education,* 258 N.C. 381, 128 S.E. 2d 785.

Defendant alleges in its motion that a complete determination of plaintiff's alleged claim cannot be made unless Carding Canada is made a party, because without Carding Canada's presence, "defendant will be precluded from attacking in its further answer and defense the validity of the underlying patent." Defendant has filed no pleadings and the question of whether the invalidity of the patent which defendant agreed to pay damages for infringing can be pleaded as a defense in this action is not before us. Suffice to say, however, any defense which would relieve defendant of liability under the contract may be asserted in any action brought for its breach, irrespective of whether all of the parties to the contract are present.

[5] We do not view Carding Canada as a necessary party. Plaintiff, although a formal party to the agreement, is in effect a third party beneficiary. A party to a contract is ordinarily not a necessary party in a suit brought against the other contracting party by a beneficiary who claims the contract has been breached. *Pickelsimer v. Pickelsimer,* 255 N.C. 408, 121 S.E. 2d 586. It does not follow, however, that the court committed reversible error in ordering the joinder of Carding Canada as a party, for if it is a proper party, plaintiff may not complain of its joinder. *Simon v. Board of Education, supra.*

Paragraph 3 of the agreement sued upon provides that when a company other than Carding Canada purchases equipment from defendant, the purchasing company must pay or credit Carding Canada an amount equal to the purchase price. While this is a matter primarily between Carding Canada and plaintiff, it nevertheless represents an interest which Carding Canada has in this litigation. Furthermore, under the terms of paragraph 3 of the agreement the purchase price of any equipment purchased by plaintiff from defendant must be set off and applied against the balance which defendant owes Carding Canada. It follows that any amount recovered by plaintiff in this suit would likewise constitute a set off against Carding Canada's claim under the contract. Therefore, Carding Canada most as-

suredly has interests in this controversy, although its interests are not of such a nature as to render it impossible for the court to finally adjudicate the question of defendant's liability to plaintiff without Carding Canada's presence.

**[6]** We hold that Carding Canada is a proper party to the lawsuit. Consequently, the question is whether the trial court abused its discretion in ordering Carding Canada joined as a party. "When not regulated by statute the procedural processes which will best promote the administration of justice are left to the judicial discretion of the trial judge. He has plenary power with respect to those who ought to be made parties to facilitate the administration of justice." *Overton v. Tarkington,* 249 N.C. 340, 345, 106 S.E. 2d 717, 721. The addition of Carding Canada as a party will undoubtedly facilitate an early disposition of various questions which may arise as to defendant's remaining obligation to Carding Canada under the agreement and Carding Canada's rights to any proceeds recovered by plaintiff. The trial judge exercised sound discretion in ordering Carding Canada made a party.

**[7, 8]** The court's order is erroneous, however, insofar as it purports to dismiss plaintiff's action with prejudice in the event Carding Canada is not made a party within forty days from the date of the order. Dismissal is appropriate where, as here, the party ordered joined is not subject to the court's jurisdiction. G.S. 1A-1, Rule 12 (b) (7). However, dismissal for failure to join a necessary party is not a dismissal on the merits and may not be with prejudice. G.S. 1A-1, Rule 41 (b). The same is true, of course, where the party ordered joined is not a necessary party but is a proper party which the court, in its discretion, decides should be joined. The following language relating to Rule 12 (b) (7) of the Federal Rules of Civil Procedure is applicable also to our Rule 12 (b) (7) :

> "When faced with a motion under Rule 12 (b) (7), the court will decide if the absent party should be joined as a party. If it decides in the affirmative, the court will order him brought into the action. However, if the absentee cannot be joined, the court must then determine, by balancing the guiding factors set forth in Rule 19 (b), whether to proceed without him or to dismiss the action. . . . A dismissal under Rule 12 (b) (7) is not considered to be on the

merits and is without prejudice." 5 Wright & Miller, Federal Practice and Procedure, § 1359, pp. 628, 631.

The court order is modified by striking therefrom the words "with prejudice." The order as modified is affirmed. Unless Carding Canada is made a party to this action within forty days from the date this opinion affirming the order is certified to the Clerk of Superior Court of Durham County the action will be dismissed.

## DEFENDANT'S APPEAL

Defendant appeals from the denial of its motion to dismiss the action on the grounds plaintiff is not the real party in interest. G.S. 1A-1, Rule 17 (a) provides:

> "Every claim shall be prosecuted in the name of the real party in interest; but . . . a party with whom or in whose name a contract has been made for the benefit of another, . . . may sue in his own name without joining with him the party for whose benefit the action is brought. . . ."

This rule is identical to Rule 17 (a) of the Federal Rules of Civil Procedure. In 3A Moore's Federal Practice, § 17.13 (1), pp. 502, 503, it is stated: "Whether a third party beneficiary has a right of action depends upon the substantive law. The result is that if by the substantive law the beneficiary has a right of action, the effect of the inclusion of this clause is that the beneficiary may sue, and the party with whom or in whose name the contract was made may also sue and need not join the beneficiary."

In the Comment of the General Statutes Commission appearing in Annotations to G.S. 1A-1, Rule 17, we find:

> "Furthermore, the third-party contract beneficiary has well established substantive rights which he should be allowed to sue for in his own name, notwithstanding the contract parties alone are 'real' parties to the contract and hence, possibly, to the rights arising under it."

[9] It is well established in this jurisdiction that a third party beneficiary to a contract is entitled to maintain an action for its breach. 2 Strong N. C. Index 2d, Contracts, § 14, p. 318. This rule is not applicable, however, where the contract is not

made for the direct benefit of the third party and any benefit accruing to him is merely incidental. *Vogel v. Supply Co.* and *Supply Co. v. Developers, Inc.*, 277 N.C. 119, 177 S.E. 2d 273; *Trust Co. v. Processing Co.*, 242 N.C. 370, 88 S.E. 2d 233.

**[10]**  Defendant says that at most plaintiff has only incidental rights under the agreement in question. We disagree. Not only does plaintiff have the right to purchase specifically described equipment from defendant, but it also has the right to make such purchases at specified discount prices. The agreement does not purport to give plaintiff the right to make purchases of equipment simply as the agent of Carding Canada. The purchases may be made for plaintiff's own benefit. The fact that plaintiff becomes indebted for the purchase price to Carding Canada rather than to defendant is a matter between plaintiff and Carding Canada. *Credit Corp. v. Equipment Co.*, 7 N.C. App. 29, 171 S.E. 2d 46.

Defendant argues that to permit plaintiff to maintain this action would expose defendant to double liability in that Carding Canada could still sue for defendant's indebtedness under the agreement, even if the indebtedness is recovered by plaintiff in this action. This position is unsound because the agreement provides in paragraph 3 that the purchase price of any equipment purchased, by plaintiff or any other Carding Company, is to be set off against defendant's indebtedness to Carding Canada. Moreover, since Carding Canada has been ordered made a party, the contention that it may subsequently bring another suit for this identical claim is no longer pertinent.

It is our opinion that plaintiff has standing to maintain this action and the court's order denying plaintiff's motion to dismiss on the merits on the grounds plaintiff is not the real party in interest was proper.

Plaintiff's appeal modified and affirmed.

Defendant's appeal affirmed.

Judges BROCK and VAUGHN concur.