FAIRFIELD MOUNTAIN PROP. OWNERS ASS'N v. DOOLITTLE

[149 N.C. App. 486 (2002)]

FAIRFIELD MOUNTAIN PROPERTY OWNERS ASSOCIATION, INC., A NORTH CAROLINA NON-PROFIT CORPORATION, PLAINTIFF v. WILLIAM E. DOOLITTLE, IN HIS CAPACITY AS RUTHERFORD COUNTY TAX ADMINISTRATOR, RUTHERFORD COUNTY, AND THE TOWN OF LAKE LURE, DEFENDANTS

No. COA01-397

(Filed 19 March 2002)

**Appeal and Error— appealability—joinder order**

An appeal was dismissed as interlocutory where the trial court order required the joinder of necessary parties within 30 days to avoid dismissal with prejudice. The order requires further action by the trial court and does not affect a substantial right. However, a dismissal for failure to join a necessary party is not on the merits and may not be with prejudice.

Appeal by plaintiff from order entered 20 September 2000 by Judge Zoro J. Guice, Jr. in Superior Court, Rutherford County. Heard in the Court of Appeals 13 February 2001.

*Dungan & Mitchell, P.A., by Robert E. Dungan and Ted F. Mitchell for plaintiff-appellant.*

*Nanney, Dalton & Miller, L.L.P., by Walter H. Dalton and J. Christopher Callahan for defendants-appellees.*

WYNN, Judge.

Fairfield Mountains Property Owners Association, a homeowners association, brought this tax refund action against the Town of Lake Lure and William E. Doolittle, in his capacity as Rutherford County Tax Administrator, alleging that its properties had been illegally taxed by defendants. On 20 September 2000, the trial court ordered that:

[T]he plaintiff must join all individuals who were property owners within Fairfield Mountain and members of Fairfield Mountain Property Owners Association, Inc., during the period of time in which Plaintiff seeks a refund of taxes. The Plaintiff is given thirty (30) days from the date of this Order in which to join these necessary parties as Plaintiffs or this matter will be dismissed with prejudice.

Before the trial court dismissed this action, plaintiff brought this appeal. Obviously, this appeal is interlocutory; the order appealed

from is not a final order and requires further action by the trial court. *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). Moreover, the order does not affect a substantial right. *See* N.C. Gen. Stat. §§ 7A-27(d) and 1-277 (1999); *Blackwelder v. State Dep't of Hum. Res.*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780-81 (1983). Accordingly, we dismiss this appeal.

However, we note that the trial court's order conditionally indicating that the matter would be dismissed if the necessary parties are not joined, erroneously indicates that such dismissal would be *with prejudice.* A "dismissal for failure to join a necessary party is not a dismissal on the merits and may not be with prejudice." *Crosrol Carding Developments, Inc., v. Gunter & Cooke, Inc.*, 12 N.C. App. 448, 453, 183 S.E.2d 834, 838 (1971).

> The following language relating to Rule 12(b)(7) of the Federal Rules of Civil Procedure is applicable also to our Rule 12(b)(7):

> "When faced with a motion under Rule 12(b)(7), the court will decide if the absent party should be joined as a party. If it decides in the affirmative, the court will order him brought into the action. However, if the absentee cannot be joined, the court must then determine, by balancing the guiding factors set forth in Rule 19(b), whether to proceed without him or to dismiss the action . . . A dismissal under Rule 12(b)(7) is not considered to be on the merits and is without prejudice." 5 Wright & Miller, Federal Practice and Procedure, s 1359, pp. 628, 631.

*Id.*, 12 N.C. App. at 453-54, 183 S.E.2d at 838.

Dismissed.

Judges TIMMONS-GOODSON and TYSON concur.