WOOLARD v. DAVENPORT

[166 N.C. App. 129 (2004)]

———————

LARRY WOOLARD, Plaintiff v. JONATHAN DAVENPORT, individually and JONATHAN DAVENPORT d/b/a DAVENPORT FORD LINCOLN MERCURY, INC., JONATHAN DAVENPORT d/b/a ALLIANCE NISSAN, INC., DAVENPORT FORD LINCOLN MERCURY, INC., and ALLIANCE NISSAN, INC., Defendants

No. COA02-1757

(Filed 7 September 2004)

1. **Contracts— business sale—multiple documents and parties—standing to sue**

   The trial court erred by granting a dismissal for failure to state a claim for breach of contract in an action arising from the sale of an automobile dealership. The sale was effected with multiple documents and multiple parties and defendant argued that plaintiff lacked standing because he was not a party to two of those documents. However, plaintiff alleged that the entire agreement was fashioned from all of the documents and, moreover, showed that he is a third party beneficiary of the two documents.

2. **Corporations— action by minority shareholders—breach of fiduciary duty**

   The trial court erred by granting a dismissal for failure to state a claim for breach of fiduciary duty and unfair and deceptive trade practices arising from the sale of an automobile dealership. No facts on the face of the complaint and attached exhibits necessarily defeated those claims; the Court of Appeals has stated that minority shareholders in a closely held corporation who allege wrongful conduct and corruption by the majority shareholders may bring an individual action against those shareholders as well as a derivative action.

**WOOLARD v. DAVENPORT**

[166 N.C. App. 129 (2004)]

Appeal by plaintiff from orders entered 23 September 2002 and 21 October 2002 by Judge James R. Vosburgh in Martin County Superior Court. Heard in the Court of Appeals 8 October 2003.

*Bailey & Dixon, L.L.P., by Patricia P. Kerner and Hannah G. Styron, and Hopkins & Associates, by Grover Prevatte Hopkins, for plaintiff-appellant.*

*The Twiford Law Firm, P.C., by John S. Morrison and David R. Pureza, for defendants-appellees Jonathan Davenport, individually and d/b/a Davenport Ford Lincoln Mercury, Inc.; Jonathan Davenport d/b/a Alliance Nissan, Inc.; and Alliance Nissan, Inc.*

*Wayland J. Sermons, Jr., P.A., by Wayland J. Sermons, Jr., for defendant-appellee Davenport Ford Lincoln Mercury, Inc.*

ELMORE, Judge.

The dispute giving rise to this appeal concerns the parties' attempt to effectuate the sale of the assets of an automobile dealership, WSB Motor Company, Inc. d/b/a Williamston Motor Company (WSB). Larry Woolard (plaintiff) contends he entered into an enforceable agreement with the following individuals and entities, for the purpose of ultimately transferring to defendant Davenport Ford Lincoln Mercury, Inc. (DFLM) the assets of WSB:[1] Jonathan Davenport (Davenport), both in his individual capacity and d/b/a Davenport Ford Lincoln Mercury, Inc. and d/b/a Alliance Nissan, Inc.; DFLM; and Alliance Nissan, Inc. (Alliance) (collectively, defendants). On 31 May 2000 plaintiff filed his complaint, alleging that certain of defendants' actions in connection with the transaction constituted breach of contract, breach of fiduciary duty, and unfair and deceptive trade practices.

Plaintiff's complaint characterized the parties' agreement as follows:

6. The Plaintiff and Defendants entered into several contracts which effectuated the transfer of assets and sale of the Plaintiff's business, [WSB]. . . .

---

1. Although not specifically alleged in plaintiff's complaint, it is undisputed that plaintiff was president and principal shareholder of WSB at all times relevant to this litigation. WSB is repeatedly characterized as "Plaintiff's business" in the complaint, and, as discussed *infra*, certain of the documents attached as exhibits to the complaint show that plaintiff is president of WSB.

7. There was adequate consideration for all the contracts entered into between the parties but only when all the writings are taken together. Each individual writing constitutes a portion of the agreement between the parties. The entire agreement is fashioned in all the writings and therefore they all must be viewed as one contract with several writings evidencing a portion of the agreement.

. . . .

Attached as exhibits to the complaint, and incorporated therein by reference, were the "several writings" that plaintiff alleges "all must be viewed as one contract" and when "taken together" constitute the "entire agreement" between the parties. Defendants assert that two of these documents are of particular importance in the present appeal: Exhibit C (the Sales Agreement), which sets forth such essential terms of the subject transaction as the parties, the assets to be transferred, the purchase price, and the closing date; and Exhibit A (the Management Agreement), which, in addition to identifying the parties, also defines certain rights and obligations of both defendant Davenport and plaintiff in connection with the transaction, both before and after the transaction's completion.

Exhibit C, the Sales Agreement, states by its terms that it "is entered into effective as of February 9, 1999, by and between WSB MOTOR COMPANY, INC., d/b/a WILLIAMSTON MOTOR COMPANY, a North Carolina corporation, hereinafter referred to as 'Seller,' and JONATHAN DAVENPORT, . . . hereinafter referred to as 'Buyer.' " The Sales Agreement goes on to provide that "Seller is the owner of the business known and operated as Williamston Motor Company (the "Business") . . . . Seller desires to sell to Buyer the assets of the Business." The Sales Agreement's signature block indicates it is to be executed on behalf of "Seller" by WSB's president. Plaintiff, therefore, is not a party to the Sales Agreement; instead, the corporate entity WSB is defined as the "seller" of the assets to be acquired in the subject transaction by defendant Davenport.[2]

Nor is plaintiff a party to Exhibit A, the Management Agreement, which by its terms is "entered into by and between WSB Motor

---

2. The Sales Agreement, as well as other documents attached as exhibits to plaintiff's complaint, evidence defendant Davenport's intent, upon closing, to assign all of his newly-acquired interest in the assets of WSB to defendant DFLM. These documents provide that plaintiff, *inter alia*, is to be a 25% shareholder in DFLM and is to participate in the operation of DFLM, for which plaintiff is to receive a salary and other benefits.

Company, Inc., D/B/A Williamston Motor Company, a North Carolina corporation, . . . and Jonathan Davenport," and was signed by plaintiff in his capacity as WSB's president. Pursuant to the Management Agreement, defendant Davenport "commence[d] service as the principle dealership management officer [of WSB] effective January 25, 1999" pending completion of the subject transaction. The Management Agreement obligated Davenport to "operate the dealership in an ethical and prudent manner . . . and otherwise maintain the goodwill and integrity of the dealership." Plaintiff's complaint alleges, *inter alia*, that defendants, through various acts and omissions, failed to so operate the dealership.

It is, however, undisputed that plaintiff is, and that WSB is not, a party to exhibits D through H attached to plaintiff's complaint. These exhibits include: exhibit D, which granted to defendant Davenport an option to purchase plaintiff's interest in certain real property; exhibit E, which set forth the terms by which defendant DFLM would lease from plaintiff and others the real property upon which the dealership was situated; exhibit F, which set forth the terms of plaintiff's participation in the operation of defendant DFLM; exhibit G, by which defendant DFLM agrees to timely service certain of plaintiff's loans; and exhibit H, a promissory note by which defendant DFLM agreed to make certain payments to plaintiff. In addition to the allegations regarding defendants' operation of the dealership, plaintiff's complaint also alleges that defendants breached various terms of the agreement set forth in exhibits D through H.

Defendants collectively answered plaintiff's complaint on 15 September 2000, denying generally plaintiff's allegations and asserting that plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). The affirmative defenses asserted by defendants in their answer did not include failure to join a necessary party, failure to prosecute the action in the name of the real party in interest, or lack of standing by plaintiff.[3] The Rule 12(b)(6) motion contained in defendants' answer did not specify the grounds upon which the motion was premised. At the hearing on defendants' motion to dismiss, defendants argued, apparently for the first time, that because WSB, and not plaintiff, was signatory to the Sales Agreement and the

---

3. On 13 February 2002, defendant DFLM filed an amended answer, wherein it likewise failed to assert failure to join a necessary party or to prosecute the action in the name of the real party in interest, or plaintiff's lack of standing, as affirmative defenses.

**WOOLARD v. DAVENPORT**

[166 N.C. App. 129 (2004)]

Management Agreement—i.e., two of the several documents alleged in plaintiff's complaint to collectively constitute "one contract" and the parties' "entire agreement"—plaintiff lacked standing to sue on any claims arising from the agreement, and WSB was the real party in interest, in whose name any such claims must be prosecuted.

By order entered 23 September 2002, the trial court dismissed plaintiff's complaint with prejudice pursuant to Rule 12(b)(6), concluding that "the Complaint and the documents attached thereto and incorporated therein disclose facts that necessarily defeat Plaintiff's claims." On 7 October 2002, plaintiff filed a motion to alter or amend the judgment pursuant to N.C. Gen. Stat. § 1A-1, Rules 59(a) and (e) and 60(a) and (b). On 9 October 2002, plaintiff filed a motion to amend his complaint and join, pursuant to N.C. Gen. Stat. § 1A-1, Rules 17(a), 19, 20, and 21, WSB as a party plaintiff. Each of plaintiff's motions were denied by order entered 21 October 2002. Plaintiff now appeals (1) the 23 September 2002 order dismissing his complaint with prejudice for failure to state a claim, and (2) the 21 October 2002 order denying each of his post-judgment motions.

[1] By his first assignment of error, plaintiff contends the trial court erred in dismissing, with prejudice, his claims for failure to state a claim upon which relief may be granted. Plaintiff specifically argues that his claims are not defeated by any facts disclosed on the face of his complaint and the several documents attached thereto as exhibits. After careful review, we agree.

The question presented by a Rule 12(b)(6) motion to dismiss is whether, as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted. *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002). The effect of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint by presenting the question of whether the complaint's allegations are sufficient to state a claim upon which relief can be granted under any recognized legal theory. *Isenhour v. Hutto*, 350 N.C. 601, 604, 517 S.E.2d 121, 124 (1999). It is well-settled that a plaintiff's claim is properly dismissed under Rule 12(b)(6) when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the claim; (2) the complaint on its face reveals the absence of facts sufficient to make a valid claim; or (3) the complaint discloses some fact that necessarily defeats the claim. *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985). Documents attached as exhibits to the complaint and incorporated therein by reference are properly considered when rul-

ing on a 12(b)(6) motion. *Property Owners Assoc. v. Curran and Property Owners Assoc. v. Williams*, 55 N.C. App. 199, 284 S.E.2d 752 (1981), *disc. review denied*, 305 N.C. 302, 291 S.E.2d 151 (1982).

In the present case, plaintiff asserted claims against defendants for breach of contract, breach of fiduciary duty, and unfair and deceptive trade practices. "The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of [the] contract." *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). This Court has held that where the complaint alleges each of these elements, it is error to dismiss a breach of contract claim under Rule 12(b)(6). *Toomer v. Garrett*, 155 N.C. App. 462, 481-82, 574 S.E.2d 76, 91, *disc. review denied*, 357 N.C. 66, 579 S.E.2d 576 (2003).

Despite the trial court's conclusion to the contrary, we fail to discern any fact disclosed on the face of the complaint or the documents attached thereto which necessarily defeats plaintiff's claim for breach of contract. Plaintiff alleges the existence of an agreement to effectuate the transfer of WSB's assets to defendants, and attaches to the complaint a copy of the several individual writings of which the complaint alleges "[e]ach . . . constitutes a portion of the agreement between the parties. The entire agreement is fashioned in all the writings and therefore they all must be viewed as one contract with several writings evidencing a portion of the agreement." Plaintiff's complaint also contains allegations which, if taken as true, are sufficient to allege breach of this agreement.

We are not persuaded by defendants' argument that because plaintiff is not a party to two of these *individual* writings, plaintiff either lacks standing or is not the proper party to prosecute a claim for breach of the *entire* agreement. While the trial court's order does not specify which facts disclosed on the face of the complaint and attached exhibits it concluded "necessarily defeat Plaintiff's claims" for breach of contract, the parties have focused their appellate arguments on the fact that plaintiff is not a party to *two* of the several individual contracts which plaintiff alleges, when taken together, are supported by adequate consideration and constitute the entire agreement between the parties—namely, exhibit A, the Management Agreement, and exhibit C, the Sales Agreement.

First, it is undisputed that plaintiff is a party to the five individual writings attached to the complaint as exhibits D through H. Plaintiff's complaint alleges that (1) exhibits D through H each set forth various terms of the parties' agreement to effectuate the sale of

WSB's assets, and, when taken together with exhibits A and C, collectively set forth the terms of the entire agreement and are supported by adequate consideration; and (2) defendants breached this agreement by, *inter alia*, violating many of the terms set forth in exhibits D through H. As discussed *supra*, plaintiff has therefore alleged each element of breach of contract, *see Poor*, 138 N.C. App. at 26, 530 S.E.2d at 843, such that dismissal of this claim under 12(b)(6) is error. *See Toomer*, 155 N.C. App. at 481-82, 574 S.E.2d at 91.

Second, our Supreme Court has stated that for purposes of reviewing a 12(b)(6) motion made on the grounds that the plaintiff lacked standing, "[a] real party in interest is a party who is benefitted or injured by the judgment in the case. An interest which warrants making a person a party is not an interest in the action involved merely, but some interest in the subject-matter of the litigation." *Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 337, 525 S.E.2d 441, 445 (2000) (quoting *Parnell v. Insurance Co.*, 263 N.C. 445, 448-49, 139 S.E.2d 723, 726 (1965)). In the present case, plaintiff's complaint specifically alleges that (1) his claims are predicated upon the *entire* agreement, which is the subject matter of the litigation; (2) *he* has a substantial interest in this subject matter; and (3) *he* stands to either benefit, or suffer injury, from any judgment ultimately rendered on his claims, as evidenced by the following portion of his pleading:

31. Integral to the entire transaction, all of the documents, all of the contracts and all of the negotiations between the parties was the Plaintiff's desire to honorably discharge certain indebtedness due to creditors in a timely and regular manner.

32. [DFLM] undertook to discharge these obligations and provide an income stream to the Plaintiff for the discharge . . . .

33. [DFLM], by and through its agents and directors Davenport, Lattermore and Edwards, have conspired to frustrate the intent and completion of this critical consideration as hereinabove set out and the transfer of properties; such action being civil conspiracy and an unethical and deceitful practice in trade and commerce.

34. Davenport, Lattermore and Edwards have actively or by inattention and improper supervision and management of the corporate affairs, permitted unwarranted and inappropriate erosions to the corporate economy and trade practices which jeopardized

the solidity of the corporation directly and the bargained for result of the Plaintiff.

Accordingly, we are not persuaded by defendants' argument that plaintiff is not the proper party to prosecute a claim for breach of contract on these facts.

Finally, even ascribing *arguendo* any significance to the fact that plaintiff was not a party to either the Management or Sales Agreements, we are unable to conclude that the disclosure of these facts on the face of the complaint and the exhibits attached thereto constitutes an "insurmountable bar to recovery" on plaintiff's breach of contract claims such that these claims are properly dismissed under Rule 12(b)(6). *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 166 (1970) (stating Rule 12(b)(6) "generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery"). Our appellate courts have previously stated that "[t]o withstand a motion to dismiss for failure to state a claim in a breach of contract action, a plaintiff's allegations must either show it was in privity of contract, or it is a *direct beneficiary* of the contract." *Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc.*, 143 N.C. App. 1, 8, 545 S.E.2d 745, 750, *aff'd*, 354 N.C. 565, 556 S.E.2d 293 (2001) (emphasis added). In North Carolina, a third party beneficiary to an agreement may properly maintain an action for its breach, where the agreement is made for the third party's direct benefit and the benefit accruing to him is not merely incidental. *Carding Developments, Inc. v. Gunter & Cooke*, 12 N.C. App. 448, 454-55, 183 S.E.2d 834, 838 (1971). Moreover, "[a] party to a contract is ordinarily not a necessary party in a suit brought against the other contracting party by a beneficiary who claims the contract has been breached." *Id.* at 452, 183 S.E.2d at 837.

In the present case, plaintiff's complaint does not specifically allege that he was a third party beneficiary with respect to either the individual Management or Sales Agreements. However, we conclude that plaintiff, by the allegations of his complaint as set forth above and by the facts disclosed on the face of the exhibits attached thereto, has shown that he is a third party beneficiary to both the Management and Sales Agreements *individually*, as well as a direct party to the parties' *entire* agreement, of which the Management and Sales Agreements are but a part. As such, plaintiff is a proper party to maintain an action for breach of the parties' agreement, and while WSB may also be a proper party to do so, WSB is not a *necessary* party to the maintenance of such an action.

We hold that no facts disclosed on the face of the complaint and attached exhibits either necessarily defeat, or prove an insurmountable bar to plaintiff's claims for breach of contract.

[2] Plaintiff also asserted claims against defendants for breach of fiduciary duty and unfair and deceptive trade practices, which claims were also dismissed under Rule 12(b)(6) by the trial court's order. As with the breach of contract claim, we fail to discern any fact disclosed on the face of the complaint or the documents attached thereto which necessarily defeats these claims.

This Court has previously stated that "*minority shareholders* in a closely held corporation who allege wrongful conduct and corruption against the majority shareholders in the corporation may bring an *individual* action against those shareholders, in addition to maintaining a derivative action on behalf of the corporation." *Norman v. Nash Johnson & Sons' Farms, Inc.*, 140 N.C. App. 390, 405, 537 S.E.2d 248, 259 (2000) (emphasis added), *disc. review denied*, 353 N.C. 378, 547 S.E.2d 14 (2001). In *Norman*, the plaintiffs, who were minority shareholders in a corporation, asserted claims against the individual majority shareholders for, *inter alia*, breach of fiduciary duty and unfair and deceptive trade practices. The trial court dismissed the plaintiffs' complaint under Rule 12(b)(6), on the grounds that their claims were derivative in nature and plaintiffs therefore lacked standing to prosecute the claims. This Court reversed, reasoning that

> [i]t seems particularly appropriate to allow minority shareholders to file individual actions when a dispute arises within the context of a family owned corporation, or other corporation in which all shares of stock are held by a relatively small number of shareholders . . . . When the close relationships between the shareholders in a "family" or closely held corporation tragically break down, the majority shareholders are obviously in a position to exclude the minority shareholders from management decisions, leaving the minority shareholders with few remedies.

*Norman*, 140 N.C. App. at 404, 537 S.E.2d at 258.

In the present case, with respect to the ownership of shares in defendant DFLM and the respective participation of defendant Davenport and plaintiff therein, plaintiff's complaint alleges as follows:

2. Defendant Davenport . . . on information and belief, is the major and dominating stockholder and President of Defendant [DFLM] and Defendant [Alliance] . . . .

. . .

4. The Defendant [DFLM] is a corporation organized by Defendant Davenport as his alter ego for the purpose of running Williamston Motor Company, the Plainitff's automobile dealership. Defendant Davenport, as the alter ego of said corporation, is and has been conducting, managing, and controlling the affairs of [DFLM] since its incorporation . . . as though it were his own business . . . .

. . .

39. On information and belief, Willie Edwards and George Lattermore are stockholders of [DFLM] . . . .

. . .

42. The corporation [DFLM], since its inception . . . has not held a Board of Directors Meeting or a Shareholder's Meeting of which the Plaintiff is aware; therefore, as twenty-five percent (25%) Shareholder and Treasurer of [DFLM], the Plaintiff has not been allowed to participate in the business transactions of the corporation.

The complaint further alleges that defendant Davenport, acting in concert with Lattermore and Edwards, the other two shareholders in DFLM, committed a series of acts and omissions which resulted in diversion of corporate funds and opportunities from DFLM, and by which plaintiff, as the remaining shareholder in DFLM, suffered harm. We conclude that plaintiff's complaint alleges claims for breach of fiduciary duty and unfair and deceptive trade practices which are sufficient to survive a 12(b)(6) motion. Moreover, our Supreme Court has stated that:

there are two major, often overlapping, exceptions to the general rule that a shareholder cannot sue for injuries to his corporation: (1) where there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder, and (2) where the shareholder suffered an injury separate and distinct from that suffered by other shareholders.

*Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 658, 488 S.E.2d 215, 219 (1997). As noted *supra*, plaintiff's complaint further alleges that defendants' conduct caused him to suffer harm separate and distinct from that suffered by DFLM, in the form of, *inter alia*, diminished income stream and failure to repay certain of plaintiff's personal indebtedness.

We hold that no facts disclosed on the face of the complaint and attached exhibits either necessarily defeat, or prove an insurmountable bar to plaintiff's claims for breach of fiduciary duty or unfair and deceptive trade practices.

In sum, we reverse the trial court's order dismissing, with prejudice, plaintiff's complaint for failure to state a claim upon which relief may be granted, and remand this matter to the trial court for further proceedings not inconsistent with this opinion. In light of our resolution of this issue, we do not reach plaintiff's assignments of error regarding the trial court's denial of his post-judgment motions.

Reversed.

Judges TIMMONS-GOODSON and HUDSON concur.