Cold Springs Ventures, LLC v. Gilead Sci., Inc., 2014 NCBC 58.

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                                               SUPERIOR COURT DIVISION

COUNTY OF DURHAM                                      14 CVS 1873

| | |
|---|---|
| COLD SPRINGS VENTURES, LLC, a North Carolina Limited Liability Company; COMMONWEALTH VENTURES, LLC, a Virginia Limited Liability Company; ENDEAVORS VENTURE, a Florida General Partnership; JAMES M. STRATHMEYER; BRUCE J. BOEHM and JEANNIE MULLEN, Plaintiffs<br><br>v.<br><br>GILEAD SCIENCES, INC.; a California Corporation; KRYOSPHERE, INC.; a Georgia Corporation; L. ERIC HALLMAN; DOUGLAS BAKER; NEIL JONES; MICHAEL J. SCHEIRBEEK; JOHN O. NORTON; PATRIC NORTON and RYAN NORTON, Defendants | **OPINION AND ORDER ON MOTION TO DISMISS** |

THIS CAUSE, designated a mandatory complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, references to the North Carolina General Statutes will be to "G.S."), and assigned to the undersigned Special Superior Court Judge for Complex Business Cases, came before the Court on Defendants Kryosphere, Inc., Michael J. Schierbeek, John O. Norton, Patrick Norton, and Ryan Norton's Motion to Dismiss the Amended Complaint ("Motion"), pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)"); and

THE COURT, after reviewing the Motion, briefs in support of and in opposition to the Motion, and other appropriate matters of record, FINDS and CONCLUDES that the Motion should be GRANTED, for the reasons stated herein.

> *Morningstar Law Group by William J. Brian, Jr., Esq. and Keith P. Anthony, Esq. for Plaintiff Cold Springs Ventures, LLC.*

*Ellis & Winters LLP by Paul K. Sun, Jr., Esq. and Joseph D. Hammond, Esq. for Defendants Kryosphere, Inc., Michael J. Schierbeek, John O. Norton, Patrick Norton, and Ryan Norton.*

*Womble Carlyle Sandridge & Rice, LLP, by Pressley M. Millen, Esq. and Robert Numbers, Esq. for Defendant Gilead Sciences, Inc.*

McGuire, Judge.

## PROCEDURAL HISTORY

[1]     On or about October 7, 2013, Defendant Gilead Sciences, Inc. ("Gilead") instituted an arbitration proceeding with the American Arbitration Association, naming as respondents Plaintiffs Cold Spring Ventures, LLC ("Cold Springs"), Commonwealth Ventures, LLC, Endeavors Venture, James M. Strathmeyer ("Strathmeyer"), Bruce J. Boehm ("Boehm"), and Jeannie Mullen.[1] Gilead additionally named in the arbitration proceeding Defendants Kryosphere, Inc., L. Eric Hallman, Douglas Baker, Neil Jones, Michael J. Schierbeek, John O. Norton, Patrick Norton, and Ryan Norton.

[2]     In the arbitration proceeding, Gilead seeks to recover damages for harm allegedly suffered as a result of a breach of a contract between Gilead and Defendant Kryosphere, Inc., or some predecessor thereof. Gilead contends that Plaintiffs are liable for the damages Gilead sustained on a corporate veil piercing, or instrumentality rule, theory. Gilead further contends that, although Plaintiffs are not signatories to the agreement to arbitrate this dispute, Plaintiffs may nevertheless be compelled to arbitrate this matter as a result of their alleged liability under the instrumentality rule.

[3]     Plaintiffs initiated this civil action on January 31, 2014, and filed their Amended Complaint on February 28, 2014. Plaintiffs primarily seek a declaratory

---

[1] Plaintiffs Commonwealth Ventures, LLC, Endeavors Venture, and Jeannie Mullen voluntarily dismissed all claims they assert in this action with prejudice on June 16, 2014. Now remaining in this action are Plaintiffs Cold Springs Ventures, LLC, James M. Strathmeyer, and Bruce J. Boehm (collectively, "Plaintiffs").

judgment that they cannot be compelled to arbitrate this dispute ("Claim One") and, alternatively, a declaratory judgment resolving a dispute regarding the arbitrator selection process ("Claim Two"). Plaintiffs further seek a declaratory judgment disqualifying Womble Carlyle Sandridge & Rice, LLP, from representing Gilead in this matter ("Claim Three"). Finally, Plaintiffs seek injunctive relief prohibiting the arbitration proceeding from moving forward with Plaintiffs as parties ("Claim Four").

[4]  On April 3, 2014, Defendants Kryosphere, Inc., Michael J. Schierbeek, John O. Norton, Patrick Norton, and Ryan Norton (collectively, "Moving Defendants") filed the Motion seeking dismissal of Plaintiffs' Amended Complaint for failure to state a claim for relief against the Moving Defendants, pursuant to Rule 12(b)(6).

[5]  On November 5, 2014, the Court convened a telephonic status conference in this matter wherein counsel for all parties consented to the Court deciding the Motion without oral argument, pursuant to Rule 15.4 of the General Rules of Practice and Procedure for the North Carolina Business Court ("BCR").

[6]  The Motion has been fully briefed and is ripe for determination.

## FACTUAL BACKGROUND

Among other things, the Amended Complaint alleges the following:

[7]  Plaintiffs are former shareholders and/or directors of Old Kryo, Inc. ("NC Kryo"), a now-dissolved North Carolina corporation. NC Kryo was originally incorporated under the name Kryosphere, Inc.

[8]  NC Kryo entered into a Master Services Agreement with Gilead, whereby NC Kryo would store and manage biomaterials belonging to Gilead ("Gilead Contract"). The Gilead Contract contained an arbitration provision providing that Gilead and NC Kryo would submit all disputes to arbitration before the American Arbitration Association. The

Gilead Contract was subsequently assigned to Defendant Kryosphere, Inc., a Georgia corporation ("GA Kryo").

[9] Gilead initiated an arbitration proceeding pursuant to the Gilead Contract and named Plaintiffs and the Moving Defendants as respondents. Plaintiffs contend that they are not required to arbitrate their dispute with Gilead because they are not signatories to the Gilead Contract and, moreover, no facts or law support Gilead's contention that Plaintiffs may be held liable for the harm suffered by Gilead under a corporate veil-piercing or instrumentality theory.

[10] In the Amended Complaint, Plaintiffs allege only that the Moving Defendants are named "as nominal defendants in this action to the extent that they are necessary parties by virtue of the fact that they have been named as respondents by Gilead in the underlying arbitration proceeding that gives rise to this action." Further, Plaintiffs concede that they "do not seek any relief from the Court as to the [Moving Defendants] at this time."[2]

## DISCUSSION

[11] When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must determine "whether, as a matter of law, the allegations of the complaint . . . are sufficient to state a claim upon which relief may be granted." *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670 (1987). To make this determination, a court is to take the well-pleaded allegations of the complaint as true and admitted, but conclusions of law or unwarranted deductions of fact are not admitted. *Sutton v. Duke*, 277 N.C. 94, 98 (1970). Consistent with the standard of notice pleading, a court, when considering a motion

---

[2] Am. Compl. ¶ 16.

pursuant to Rule 12(b)(6), should afford the complaint a liberal construction. *Zenobile v. McKecuen*, 144 N.C. App. 104, 110 (2001).

[12]     Under Rule 12(b)(6), a complaint may be properly dismissed if: (a) the complaint on its face reveals that no law supports plaintiff's claim; (b) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (c) any fact disclosed in the complaint necessarily defeats plaintiff's claim. *Jackson v. Bumgardner*, 318 N.C. 172, 175 (1986).

[13]     In the Motion, the Moving Defendants argue that, because Plaintiffs admit in their Amended Complaint that they do not seek any sort of relief from the Moving Defendants, the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6). Moving Defendants further contend that the Amended Complaint violates Rule 8 insofar as it does not seek any relief as to the Moving Defendants. Additionally, Moving Defendants contend that they are not necessary parties to the resolution of whether Plaintiffs can be required to participate in the arbitration proceeding.

[14]     In response, Plaintiffs argue that the requirement that all necessary parties be joined in a civil action is an independent requirement under the Rules of Civil Procedure and, because the Moving Defendants are necessary parties, they must be joined regardless of whether any direct relief is sought against them.

[15]     Rule 19 requires that all "who are united in interest must be joined as plaintiffs or defendants." Any determinative judgment entered in the absence of a party united in interest, or a necessary party, is null and void. *Rice v. Randolph*, 96 N.C. App. 112 (1989). A party is a necessary party under Rule 19 when he is "'so vitally interested in the controversy that a valid judgment cannot be rendered in the action completely and finally

determining the controversy without his presence.'" *Karner v. Roy White Flowers, Inc.*, 351 N.C. 433, 438-39 (2000) (quoting *Strickland v. Hughes*, 273 N.C. 481, 485 (1968)).

[16]     A party is not a necessary party simply because a pending action might have some impact on the party's rights, or otherwise affect the party. Instead, one "whose interest may be affected by a decree, but whose presence is not essential in order for the court to adjudicate the rights of others" is a "proper" party, but not a necessary party. *Crosrol Carding Devs., Inc. v. Gunter & Cooke, Inc.*, 12 N.C. App. 448, 452 (1971). Unlike necessary parties, a proper party may, but is not required to, be joined. *Id.* at 451.

[17]     In their brief in opposition to the Motion, Plaintiffs contend that the Moving Defendants' rights and interests will be necessarily affected by the Court's ultimate resolution of this action in two ways. First, Plaintiffs contend that Moving Defendants' ability to "litigate their dispute with Gilead" is directly affected by this Court's stay of the pending arbitration ("Arbitration Stay").[3] Second, Plaintiffs contend that their request for declaratory judgment regarding the arbitrator selection process necessarily affects Moving Defendants' right to select an arbitrator in the arbitration proceeding. The Court will address these contentions in turn.

[18]     As to the Arbitration Stay, the Court acknowledges that this temporary stay might have some impact on Moving Defendants as respondents in the arbitration proceeding. However, the resolution of the Arbitration Stay does not require the presence of the Moving Defendants. The Court stayed arbitration pending its resolution "on the jurisdictional issue of whether Plaintiffs may be compelled to be parties to the [a]rbitration."[4] Moving Defendants, who do not appear to argue that they are improperly named in the arbitration action, are not necessary to determine whether Plaintiffs can be

---

[3] Amended Order on Motion for Preliminary Injunction (Mar. 26, 2014) ("Amended PI Order").
[4] Amended PI Order, p. 19, ¶¶ 3-4.

compelled to arbitrate under a veil-piercing theory. Regardless of the Court's determination of whether Plaintiffs are required to arbitrate, Moving Defendants will proceed to arbitration with Gilead. While the Court's resolution of the veil-piercing issue will delay the arbitration, such delay does not make Moving Defendants' interests "of such a nature as to render it impossible for the [C]ourt to finally adjudicate the question presented." *Williamson v. Bullington*, 139 N.C. App. 571, 578 (2000) (citations omitted), *aff'd per curiam*, 353 N.C. 363 (2001).

[19]     Plaintiffs additionally contend that Moving Defendants are necessary parties to this action because Plaintiffs have sought declaratory relief concerning the arbitrator selection process. The Court's declaration regarding that process, Plaintiffs contend, will affect the rights of the Moving Defendants.

[20]     As Moving Defendants note, however, in the event a dispute is subject to arbitration, "procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (citations omitted). In *Howsam*, the Supreme Court found that determining whether a 6 year time limitation for submitting claims to arbitration was a procedural question for the arbitrator, not for the court. *Id.*

[21]     Alternatively, as this Court has noted in its Amended PI Order, the question of arbitrability, or whether a valid agreement to arbitrate exists in the first place, is a question for this Court.[5] *Accord Howsam*, 537 U.S. at 84. This question is one of limited scope, focused on whether a valid arbitration agreement exists, whether it applies to a given dispute, or, as most relevant to the instant action, whether certain non-signatories to the arbitration agreement may be compelled to arbitrate. *See id.*

---

[5] *Id.* pp. 7-8, ¶¶ 10-11.

[22]     The primary relief sought by Plaintiffs in this action is a declaratory judgment that they cannot be compelled to arbitrate their dispute with Gilead.[6] Alternatively, Plaintiffs request a declaratory judgment regarding the interpretation of the arbitrator selection process. In the event the Court ultimately holds that Plaintiffs cannot be compelled to arbitrate, their request that the Court find they are entitled to select their own arbitrator will be moot. If, on the other hand, the Court finds that Plaintiffs may be compelled to arbitrate, the contractual interpretation of the arbitrator selection issue appears to the Court to be precisely the type of procedural question that that lies within the domain of the arbitration panel. *See Dockser v. Schwartzberg*, 433 F.3d 421, 426 (4th Cir. 2006) (finding that a question regarding the number of arbitrators involved in an arbitration proceeding "fits squarely within the Supreme Court's jurisprudence regarding what constitutes a 'procedural' question"). Because it appears this issue, if ever reached, would not be an issue for this Court, the Court finds that Moving Defendants are not a necessary party to this action based on Plaintiffs' arbitrator selection process claim.

[23]     Because Moving Defendants are not necessary parties to the resolution of whether Plaintiffs may be compelled to arbitration, and because the issue of arbitrator selection, in the event Plaintiffs may be compelled to arbitration, is not properly for this Court, the Motion should be GRANTED.

THEREFORE, based on the foregoing FINDINGS and CONCLUSIONS, it hereby is ORDERED that:

[24]     The Motion is GRANTED.

[25]     Defendants Kryosphere, Inc., Michael J. Schierbeek, John O. Norton, Patrick Norton, and Ryan Norton are hereby DISMISSED from this action.

---

[6] As noted in the Amended PI Order, the Court finds that this question is a question of arbitrability that is properly decided by this Court. *See* Amended PI Order, pp. 8-9, ¶ 10.

This the 18th day of November, 2014.