JANET L. KARNER AND LYMAN G. WELTON, PLAINTIFFS AND LORETTA LEE
PENDERGRAST, APRILLE L. SHAFFER AND SHELLY JORDAN, INTERVENOR
PLAINTIFFS v. ROY WHITE FLOWERS, INC., ROY J. WHITE, JR., MARGARET C.
WHITE, AND EDWARD A. WHITE, DEFENDANTS

No. 475A99

(Filed 7 April 2000)

### 1. Deeds— restrictive covenants—enforcement by other grantees

Where the same restrictive covenant is placed in all deeds conveying lots out of a subdivision according to a common plan of development, any grantee may enforce the restriction against any other grantees governed by the common plan of development and any purchaser who takes land in the tract with notice of the restriction. If the restrictive covenant is removed from a lot within a subdivision, that action extinguishes the restrictive covenant on all properties within the subdivision.

### 2. Parties— necessary—interests represented by current parties—irrelevancy

Whether the interests of other property owners in a subdivision are represented by the current parties to an action to enforce subdivision restrictive covenants is not relevant to a determination of whether the other owners are necessary parties who are required to be joined under Rule 19.

### 3. Deeds— restrictive covenants—residential use—change of circumstances—nonparty owners—necessary parties

Nonparty property owners in a residential subdivision were necessary parties who were required to be joined in an action to enforce a residential-use restrictive covenant applicable to all property within the subdivision where defendants asserted a change-of-circumstances defense which could result in the invalidation of the restrictive covenant as to all lots within the subdivision and extinguish property rights of the nonparty owners.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 134 N.C. App. 645, 518 S.E.2d 563 (1999), affirming the trial court's denial of plaintiffs' and intervenor-plaintiffs' motion for joinder entered 9 May 1996 by Gray, J., in Superior Court, Mecklenburg County, and affirming in part and reversing and remanding in part an order for directed verdict entered

11 February 1997 by Gray, J., in Superior Court, Mecklenburg County. Heard in the Supreme Court 15 February 2000.

> *Kenneth T. Davies for plaintiff-appellants Karner and Welton and intervenor-plaintiff-appellants Pendergrast and Shaffer.*

> *Groves, Dunklin & Boggs, P.C., by L. Holmes Eleazer, Jr., for defendant-appellees.*

WAINWRIGHT, Justice.

Plaintiffs and defendants own lots in Elizabeth Heights, a subdivision in Charlotte, North Carolina. Elizabeth Heights was developed as a residential subdivision at the turn of the century. When the developer began conveying lots in 1907, each deed included a covenant restricting the use of each parcel to residential use only.

In September 1995, defendants applied for demolition permits for the residential structures on three of their lots. Subsequently, a local newspaper reported that Roy White Flowers had applied for demolition permits for structures on the three lots and that building plans called for a 5,300-square-foot structure, which was to house a video rental store.

On 5 October 1995, plaintiffs filed suit alleging they and the neighborhood would "be permanently and irreparably injured if the [d]efendants are allowed to demolish three (3) residential and historic structures adjacent to [p]laintiffs' properties and allowed to construct a commercial building thereon." Plaintiffs requested relief in the form of a temporary restraining order, a preliminary injunction, and a permanent injunction. On 13 November 1995, defendants answered plaintiffs' amended complaint and claimed affirmative defenses, including an assertion that a change of circumstances had occurred making use of the lots for residential purposes no longer feasible.

On 21 December 1995, intervenor-plaintiffs, all property owners within the Elizabeth Heights Subdivision, were allowed to intervene, pursuant to N.C.G.S. § 1A-1, Rule 24, because they "ha[d] an interest in the real property which [was] the subject of this action and they [were] so situated that the disposition of this action may, as a practical matter, impair or impede their ability to protect those interests." On 22 January 1996, defendants answered intervenor-plaintiffs' complaint and incorporated the same affirmative defenses contained in their answer to plaintiffs' amended complaint.

## KARNER v. ROY WHITE FLOWERS, INC.

[351 N.C. 433 (2000)]

On 18 March 1996, pursuant to N.C.G.S. § 1A-1, Rule 19, plaintiffs and intervenor-plaintiffs (plaintiffs) moved the trial court to join all other parties who owned property in Elizabeth Heights Subdivision as shown on map number 3 recorded in the Office of the Register of Deeds for Mecklenburg County. Plaintiffs stated that by asserting the affirmative defense of changed circumstances, defendants sought to "impair or prejudice the property rights of all record owners of parcels of real property located in the Elizabeth Heights Subdivision, Map Number 3." Additionally, plaintiffs contended there were "third parties who own[ed] parcels of real property in Elizabeth Heights Subdivision, Map Number 3 . . . whose property rights [would] be directly affected by the determination of this litigation." Plaintiffs argued the third parties were necessary parties because defendants were seeking to set aside or void the residential restrictive covenants. In an order entered 9 May 1996, the trial court found, *inter alia*, that "[j]oinder of the non-party property owners in Elizabeth Heights would work a[] financial hardship on those who would be brought involuntarily into this litigation." In denying plaintiffs' motion for joinder, the trial court concluded "[t]he non-party property owners in Elizabeth Heights are not united in interest with the [p]laintiffs under the claim asserted herein. The [c]ourt may determine the pending claim for injunctive relief without prejudice to the rights of such others not before the [c]ourt."

On 29 May 1996, the Chief Justice of this Court designated this case "exceptional" and assigned it to the Honorable Marvin K. Gray pursuant to a joint motion by plaintiffs and defendants. The case came on for trial by jury at the 13 January 1997 session of Superior Court, Mecklenburg County. At the close of all the evidence, defendants moved for a directed verdict pursuant to N.C.G.S. § 1A-1, Rule 50. After considering all the evidence presented by both plaintiffs and defendants, the trial court found that defendants used their parcels of land and the structures thereon for nonresidential purposes in a continuous, open, and notorious manner for a period of time in excess of six years prior to plaintiffs filing their complaint. Accordingly, the trial court concluded plaintiffs' action was barred by the applicable statute of limitations. The trial court, on 11 February 1997, entered an order granting defendants' motion for a directed verdict.

Plaintiffs (except Shelly Jordan) appealed to the Court of Appeals from the 11 February 1997 order directing verdict in favor of defendants and the 9 May 1996 order denying plaintiffs' motion for joinder. The Court of Appeals affirmed in part and reversed in part

KARNER v. ROY WHITE FLOWERS, INC.

[351 N.C. 433 (2000)]

the trial court's directed verdict. *Karner v. Roy White Flowers, Inc.*, 134 N.C. App. 645, 656, 518 S.E.2d 563, 571 (1999).

In addition, the Court of Appeals affirmed the trial court's denial of plaintiffs' motion for joinder. *Id.* at 649, 518 S.E.2d at 566. The Court of Appeals interpreted this Court's decision in *Sheets v. Dillon*, 221 N.C. 426, 20 S.E.2d 344 (1942), "to stand for the proposition that if one party seeks to 'annul' or invalidate a restrictive covenant in equity, based on changed conditions, the interest of other property owners . . . must be represented in the suit." *Karner*, 134 N.C. App. at 648, 518 S.E.2d at 566. The court reasoned that the interests of the nonparty property owners within the subdivision were represented by the parties in the case and that the nonparty property owners were not necessary parties whose presence in the case was required by Rule 19. Judge Greene dissented on this issue, stating, "When there is a uniform plan of development for real property and a restrictive covenant placed on that property is in dispute, all the owners of lots in that development are 'necessarily interested parties in any action against or by [any] lot owner.' " *Id.* at 657, 518 S.E.2d at 571 (Greene, J., dissenting) (quoting *Hillcrest Bldg. Co. v. Peacock*, 7 N.C. App. 77, 82, 171 S.E.2d 193, 196 (1969)).

The sole issue before this Court is whether the nonparty property owners of the Elizabeth Heights Subdivision as shown in map number 3 (Elizabeth Heights) were required to be joined in this action pursuant to Rule 19 of the North Carolina Rules of Civil Procedure. Plaintiffs contend defendant's change-of-circumstances affirmative defense could result in the invalidation of the restrictive covenant requiring residential use of property in the subdivision. Consequently, the additional property owners should be joined as parties to the action. We agree.

A restrictive covenant creates "a species of incorporeal right." *Sheets*, 221 N.C. at 431, 20 S.E.2d at 347. Restrictive covenants are valid so long as they do not impair the enjoyment of the estate and are not contrary to the public interest. *Id.* "[T]he court will enforce its restrictions and prohibitions to the same extent that it would lend judicial sanction to any other valid contractual relationship." *Id.*

[1] The placement of the same restrictive covenant in all of the deeds conveying lots out of a subdivision according to a common plan of development presents a unique situation regarding the enforcement and continued vitality of the covenant. Under those circumstances, any grantee may enforce the restriction against any other grantee

governed by the common plan of development. *See Hawthorne v. Realty Syndicate, Inc.*, 300 N.C. 660, 665, 268 S.E.2d 494, 497 (1980). Furthermore, any grantee may enforce the restriction against any purchaser who takes land in the tract with notice of the restriction. *Id.* If the restrictive covenant is removed from a lot within a subdivision, that action extinguishes the restrictive covenant on all properties within the subdivision. *See Tull v. Doctors Bldg., Inc.*, 255 N.C. 23, 41, 120 S.E.2d 817, 829-30 (1961).

In *Tull*, the parties were all property owners within a portion of the Myers Park development in Charlotte. The common plan of development for Myers Park called for the lots to be used for residential purposes only. Plaintiffs sought a declaratory judgment determining their rights to use their property for other purposes. Within the tract, several lots had been zoned for business purposes despite the restrictions governing the property. The trial court concluded the restrictive covenant should have been lifted from those particular lots but declined to do so itself, stating "the law requires either a complete abrogation of the restrictive covenants on all of the lots in the subdivision, or a complete enforcement of the restrictive covenants as to all of the lots in the subdivision." *Id.* at 35, 120 S.E.2d at 825. This Court agreed with the trial court and adopted its statement of the rule. *Id.* at 41, 120 S.E.2d at 830. The determination of whether a change of circumstances has taken place so as to void a restrictive covenant in equity depends on the specific facts of each individual case. *Id.* at 39, 120 S.E.2d at 827. However, in situations where there is a common plan of development, the Court emphasized the need for equal enforcement of restrictive covenants. The Court examined a situation where a covenant was removed from only a few lots in a subdivision:

> If equity should permit these border lots to deviate from the residential restriction, the problem arises anew with respect to the lots next inside those relieved from conforming. Thus, in time, the restrictions throughout the tract will become nugatory through a gradual infiltration of the spreading change.
>
> "Contractual relations do not disappear as circumstances change. So equity cannot balance the relative advantages and disadvantages of a covenant and grant relief against its restrictions merely because it has become burdensome."

*Id.* at 40, 120 S.E.2d at 829 (quoting *Vernon v. R.J. Reynolds Realty Co.*, 226 N.C. 58, 61, 36 S.E.2d 710, 712 (1946)). The Court explained

**KARNER v. ROY WHITE FLOWERS, INC.**

[351 N.C. 433 (2000)]

further that the right to enforce the restriction was a property right with value:

> To release all the lots . . . in direct violation of the valid residential restrictions here would undoubtedly substantially affect the value of every home in this subdivision. It is clear in our minds that residential restrictions generally constitute a property right of distinct worth, certainly to those who desire to keep their homes for residential use.

*Id.* at 41, 120 S.E.2d at 829. Although property owners may decide not to object to minor nonresidential uses by other property owners in some cases, this acquiescence " 'should not, in equity be held to have estopped them from asserting their right against the subsequent substantial violation by defendants.' " *Id.* at 39, 120 S.E.2d at 828 (quoting *Holling v. Margiotta,* 231 S.C. 676, 682, 100 S.E.2d 397, 400 (1957)). Thus, this Court concluded that a restrictive covenant common to all deeds from a subdivision must be either abrogated as to all lots or enforced as to all lots.

North Carolina Rule of Civil Procedure 19 governs the necessary joinder of parties and provides in part:

> (a) *Necessary joinder.*—Subject to the provisions of Rule 23, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should have been joined as plaintiff cannot be obtained he may be made a defendant, the reason therefor being stated in the complaint; provided, however, in all cases of joint contracts, a claim may be asserted against all or any number of the persons making such contracts.

> (b) *Joinder of parties not united in interest.*—The court may determine any claim before it when it can do so without prejudice to the rights of any party or to the rights of others not before the court; but when a complete determination of such claim cannot be made without the presence of other parties, the court shall order such other parties summoned to appear in the action.

N.C.G.S. § 1A-1, Rule 19 (1999). "Necessary parties must be joined in an action. Proper parties may be joined." *Booker v. Everhart,* 294 N.C. 146, 156, 240 S.E.2d 360, 365 (1978). A necessary party is one who "is so vitally interested in the controversy that a valid judgment cannot be rendered in the action completely and finally determining

the controversy without his presence." *Strickland v. Hughes*, 273 N.C. 481, 485, 160 S.E.2d 313, 316 (1968). A proper party is " 'a party who has an interest in the controversy or subject matter which is separable from the interest of the other parties before the court, so that it may, but will not necessarily, be affected by a decree or judgment which does complete justice between the other parties.' " *Id.* (quoting 67 C.J.S. *Parties* § 1 (1950)).

[2] In its opinion, the Court of Appeals relies on *Sheets* to support its reasoning that the other property owners in Elizabeth Heights were not necessary parties to the action because their interest was represented by the current parties. The court's reliance on *Sheets* for that holding is in error. This Court, in *Sheets*, specifically stated, "If plaintiff desires to have this covenant invalidated and stricken from the deed of the original grantee, he *must* bring in the interested parties and give them a day in court." *Sheets*, 221 N.C. at 432, 20 S.E.2d at 348 (emphasis added). In fact, this Court made no mention of "representation" in *Sheets*. Moreover, whether other property owners' interests are represented by current parties is not relevant to a determination of whether joinder is required under Rule 19. The text of Rule 19 refers only to whether a "complete determination" of a claim can be made without a party's presence. N.C.G.S. § 1A-1, Rule 19(b).

[3] Defendants claim the nonparty property owners are not required to be joined because they are "proper" rather than "necessary" parties. They cite *Hawthorne*, 300 N.C. 660, 268 S.E.2d 494, as approving that assertion. This reliance is misplaced. In *Hawthorne*, this Court addressed the issue of the continued validity of a residential-use restrictive covenant after the defendants alleged a change of circumstances. The trial court found that a change of circumstances had occurred and voided the restrictive covenant, but the Court of Appeals reversed that decision. *Id.* at 664, 268 S.E.2d at 497. This Court affirmed the decision of the Court of Appeals. *Id.* at 669, 268 S.E.2d at 500. All of the property owners subject to the residential restrictive covenant were not made parties in *Hawthorne*. However, that issue was neither addressed by this Court nor raised by the parties. As such, *Hawthorne* is not persuasive in our determination of whether the additional property owners are necessary parties.

In the instant case, each property owner within Elizabeth Heights has the right to enforce the residential restriction against any other property owner seeking to violate that covenant. This right has a "distinct worth." *Tull*, 255 N.C. at 41, 120 S.E.2d at 829. By operation of

law, if the residential restrictive covenant is abrogated as to the lots owned by defendants, each property owner within the subdivision would lose the right to enforce that same restriction. *Id.* at 41, 120 S.E.2d at 829-30. Unless those parties are joined, they will not have been afforded their "day in court." *Sheets*, 221 N.C. at 432, 20 S.E.2d at 348. An adjudication that extinguishes property rights without giving the property owner an opportunity to be heard cannot yield a "valid judgment." *See Strickland*, 273 N.C. at 485, 160 S.E.2d at 316; *see also* N.C.G.S. § 1A-1, Rule 19. For this reason, we conclude the nonparty property owners of Elizabeth Heights are necessary parties to this action because the voiding of the residential-use restrictive covenant would extinguish their property rights.

Based on the foregoing, the decision of the Court of Appeals affirming the trial court's denial of plaintiffs' motion to require joinder is reversed. This case is remanded to the Court of Appeals for further remand to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

