Cape Hatteras Elec. Membership Corp. v. Stevenson, 2014 NCBC 63.

STATE OF NORTH CAROLINA

COUNTY OF DARE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
13 CVS 190

CAPE HATTERAS ELECTRIC )
MEMBERSHIP CORPORATION, an electric )
membership corporation organized and )
existing pursuant to N.C. Gen. Stat. Chapter )
117, )
            Plaintiff )
)
        v. )
)
GINA L. STEVENSON and JOSEPH )
F. NOCE, )
          Defendants )

**OPINION AND ORDER ON
MOTION TO DISMISS**

THIS CAUSE, designated a mandatory complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, references to the North Carolina General Statutes will be to "G.S."), and assigned to the undersigned Special Superior Court Judge for Complex Business Cases, comes before the Court upon Defendant Gina L. Stevenson's Motion to dismiss the Amended Complaint ("Motion") pursuant to Rule 12(b)(7) of the North Carolina Rules of Civil Procedure ("Rule(s)"); and

THE COURT, after reviewing the Motion, briefs in support of and in opposition to the Motion, arguments of counsel, and other appropriate matters of record, CONCLUDES that the Motion should be DENIED for the reasons stated herein.

    *Vandeventer Black LLP, by Norman W. Shearin, Esq., Wyatt M. Booth, Esq., and Ashley P. Holmes, Esq. for Plaintiff Cape Hatteras Electric Membership Corporation.*

    *Gray & Lloyd, LLP, by E. Crouse Gray, Jr., Esq. for Defendant Gina L. Stevenson.*

McGuire, Judge.

## PROCEDURAL HISTORY

[1]     On April 10, 2013, Plaintiff Cape Hatteras Electric Membership Corporation ("CHEMC") filed a Complaint against Defendants Gina L. Stevenson ("Stevenson"), Richard K. Higdon, Sheila F. Higdon ("the Higdons"), William C. Bowen, Trudy W. Bowen ("the Bowens"), and Mirlo Beach Homeowners Association, Inc. ("MBHOA"). Plaintiffs' action was designated as No. 13 CVS 190 by the Clerk of Superior Court of Dare County. Plaintiff subsequently filed a voluntary dismissal as to the Higdons.

[2]     On June 7, 2013, Plaintiff filed its Amended Complaint, which, among other things, added Joseph F. Noce as a Defendant. The Amended Complaint contains the following four Claims for Relief ("Claim(s)"): First Claim for Relief (Declaratory Judgment) [Defendants Stevenson, the Bowens, and the HOA]; Second Claim for Relief (Declaratory Judgment) [Defendants Stevenson, the Bowens, and the HOA]; Third Claim for Relief (Intentional Interference with Contractual Relations) [Defendants Stevenson and Noce]; Fourth Claim for Relief (Civil Conspiracy) [Defendants Stevenson and Noce]. Plaintiff subsequently filed voluntary dismissals as to the Bowens and MBHOA. Defendants Stevenson and Noce are the only Defendants remaining in this action.

[3]     On July 8, 2013, Stevenson filed the Motion as part of her Answer, seeking dismissal of the Amended Complaint pursuant to Rule 12(b)(7).

[4]     The Motion has been fully briefed and argued and is ripe for determination.

## FACTUAL BACKGROUND

The Amended Complaint alleges the following facts pertinent to the resolution of the Motion:

[5]     CHEMC is an electric membership corporation duly chartered and incorporated under G.S. Chapter 117 and an agency of the State of North Carolina, with its

principal office and place of business in Dare County, North Carolina. CHEMC supplies electricity to its members residing within its service area.[1]

[6]    Stevenson is a member of CHEMC. Like other CHEMC members, Stevenson agreed by her membership application to be bound by and comply with CHEMC's Bylaws ("Bylaws"). Among other things, the Bylaws require Stevenson to grant easements or rights-of-way on her property "for the construction, operation, maintenance or relocation of CHEMC's electric facilities."[2]

[7]    CHEMC requested that Stevenson grant CHEMC an easement across her property for purposes or relocating of an existing electrical transmission line.  The relocation of the transmission line was made necessary by severe erosion caused by storms that resulted in encroachment on the transmission line right-of-way. Stevenson refused to grant CHEMC's request for the easement. Plaintiff also alleges that Stevenson has failed to honor her obligations under the Bylaws and, as a result, Stevenson's membership is subject to automatic suspension under the Bylaws.[3]  Plaintiff does not allege that there are currently any other CHEMC members who have failed or refused to grant it the requested easement for the purpose of relocating the transmission line.

[8]    There exists a genuine justiciable controversy between CHEMC and Stevenson as to the Parties' "respective rights and obligations" under the Bylaws, and therefore CHEMC is entitled to a declaration on such matters.[4]

<u>DISCUSSION</u>

[9]    The Motion seeks dismissal of the Amended Complaint pursuant to Rule 12(b)(7) for failure to join necessary parties. Rule 19 requires that all "who are united in

---

[1] Am. Compl. ¶¶ 1, 6.
[2] *Id.* ¶ 8.
[3] *Id.* ¶¶ 9-11, 17, 21.
[4] *Id.* ¶¶ 18-19, 23-24.

interest must be joined as plaintiffs or defendants." Any determinative judgment entered in the absence of a party united in interest, or a necessary party, is null and void. *Rice v. Randolph*, 96 N.C. App. 112, 113 (1989). A party is a necessary party under Rule 19 when he is "'so vitally interested in the controversy that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence.'" *Karner v. Roy White Flowers, Inc.*, 351 N.C. 433, 438-39 (2000) (quoting *Strickland v. Hughes*, 273 N.C. 481, 485 (1968)).

[10]     A party is not a necessary party simply because a pending action might have some impact on the party's rights, or otherwise affect the party. Instead, one "whose interest may be affected by a decree, but whose presence is not essential in order for the court to adjudicate the rights of others" is a "proper" party, but not a necessary party. *Crosrol Carding Devs., Inc. v. Gunter & Cooke, Inc.*, 12 N.C. App. 448, 452 (1971). Unlike necessary parties, a proper party may, but is not required to, be joined. *Id.* at 451. "Whether proper parties will be ordered joined rests within the sound discretion of the trial court." *Long v. City of Charlotte*, 306 N.C. 187, 212 (1982).

[11]     Stevenson contends that all of CHEMC's "hundreds of members" are necessary parties to this action and that the lawsuit should be dismissed unless those members are made parties.[5] Stevenson points to Plaintiff's statement that "the interpretation" of the Bylaws "will affect *all* of CHEMC's members and not just the named defendants,"[6] and argues that "an interpretation of [the Bylaws] may in fact affect real property interests" of other non-party members of CHEMC.  Stevenson also argues that G.S 1-260 provides that "[w]hen declaratory relief is sought, all persons shall be made parties

---

[5] Mem. Supp. Mot. Dismiss Rule 12(b)(7) ("Stevenson Brief") at 2-3.
[6] Stevenson Br. at 2; *see* Pl.'s Resp. Def.'s Opp. Designation Mandatory Complex Business Case at 3.

who have or claim any interest which would be affected by the Declaration, and no Declaration shall prejudice the rights of persons not parties to the proceedings."

[12]     Stevenson cites principally to *Karner v. Roy White Flowers, Inc.*, 351 N.C. 433 (2000) in support of her argument that all of CHEMC's members are necessary parties to this action. In *Karner*, our Supreme Court held that nonparty property owners who "each . . . [had] the right to enforce [a] residential restriction against any other property owner seeking to violate [the] covenant" were necessary parties to a suit against certain neighbor defendants who had applied for demolition permits and planned to construct a commercial building in a residential area. *Id.* at 439. The court noted that "[a]n adjudication that extinguishes property rights without giving the property owner an opportunity to be heard cannot yield a valid judgment." *Id.* at 440 (internal quotations and citations omitted).

[13]     However, in *Midsouth Golf, LLC v. Fairfield Harbourside Condo. Ass'n*, 187 N.C. App. 22, 29 (2007), our Court of Appeals distinguished *Karner* and refused to extend its holding to a case involving a dispute over a set of restrictive covenants pertaining to amenity fees, which could only be enforced by "the owner of the recreational amenities." The court reasoned that "unlike in *Karner* . . . [n]one of the property owners  . . . have the right to enforce the covenant to pay amenity fees against any of the other owners," and therefore extinguishment of the restrictive covenant would not deprive nonparties of "any property right akin to the right that the nonparty property owners were deprived of in *Karner*." *Id.* at 28-29. Although invalidation of the restrictive covenants "could have some effect" on the nonparty property owners in *Midsouth Golf*, the Court of Appeals did not view this as deprivation of "any property right" under *Karner*. *Id.* at 29-30; *See also Wallach v. Linville Owners Ass'n*, 2014 N.C. App. LEXIS 728 (N.C. App. 2014) (relying on *Midsouth Golf* to reach similar conclusion in action concerning amendments to declaration of

covenants, easements, and restrictions for housing subdivision; Court of Appeals rejected HOA's argument that nonparties who had acquired title to a lot during the litigation were necessary parties).

[14]     This matter is distinguishable from the holding in *Karner* for the same reasons as applied by the Court of Appeals to the facts in *Midsouth Golf.* Here, the other members of CHEMC do not have the ability to enforce the easement covenant in the Bylaws against their fellow members. Instead, only CHEMC may enforce the covenant. Accordingly, while a finding by this Court that the easement covenant cannot be enforced against Stevenson would in some sense affect the rights of the other, non-party members of CHEMC, it would not deprive them of any rights.[7] Conversely, if the Court were to find that the easement provision is enforceable against Stevenson, any impact of that judgment on other members would not extinguish any rights of the other members, all of whom have agreed to provide such an easement and many of whom have already provided an easement to CHEMC pursuant to this Bylaw. CHEMC merely seeks interpretation of its Bylaws and declaration of its rights particular to the circumstances of the dispute between CHEMC and Stevenson.[8] In the Court's view, CHEMC's nonparty members are, at best, proper parties who may attempt to intervene if they choose to do so, subject to the Court's discretion. Accordingly, dismissal for failure to join necessary parties would be improper, and the Motion should be DENIED.

---

[7] Moreover, as Plaintiff notes, the involvement of other CHEMC members could place this Court in the position of issuing an advisory opinion as to those members as no justiciable controversy exists between CHEMC and other members. Pl.'s Resp. Opp. Def. Stevenson's Mot. Dismiss ("Plaintiff's Brief"); *see Tryon v. Power Co.,* 222 N.C. 200, 204 (1942) (trial courts are prohibited from issuing "a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when occasion might arise"), Gaston Bd. of Realtors, Inc. v. Harrison, 311 N.C. 230, 234-35 (1984) (declaratory judgment claim is subject to dismissal in absence of "actual controversy"; "actual controversy" exists where "litigation appear[s] unavoidable").

[8] *See* Am. Compl. ¶¶ 18-19, 23-24 (requesting declarations of the "rights and obligations of *the parties*" under the Bylaws) (emphasis added).

## CONCLUSION

NOW THEREFORE, based upon the foregoing, it is hereby ORDERED that the Motion is DENIED.

This the 8th day of December, 2014.